STOHER, *by next Friend*, v. THE ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILWAY COMPANY, *Appellant.*

DIVISION TWO.

1.   **Negligence:** RAILROAD TRACK : STORMS : EMPLOYER.  A railroad, in discharging its duty to its employee in the matter of protecting its roadbed from damage by water, is required to provide against such storms and floods as can be reasonably anticipated.

2.   —— : —— : —— : ——.  The fact, that on previous occasions water had overflowed the track at the place of the derailment of the engine and consequent death of the deceased, warranted the jury in finding that the company had neglected its duty of keeping its track in proper condition.

3.   —— : —— : —— : ——.  The mere act of running the train, after the storm, by the engineer and the deceased did not constitute negligence on their part.

*Appeal from St. Louis City Circuit Court.*— HON. L. B. VALLIANT, Judge.

AFFIRMED.

*B. Pike* for appellant.

(1)  The demurrers to the evidence at the close of plaintiff's testimony and at the close of all the testimony should have been sustained.  Wood on Mas. & Serv., secs. 368 and 419 ; *Huffman v. Railroad*, 78 Mo. 54 ; Am. & Eng. R. R. Cas. 166.  (2) The instructions

given for plaintiff were erroneous, as there was no evidence to sustain them. *Dahlstrom v. Railroad*, 96 Mo. 99; *Dowling v. Allen*, 88 Mo. 297. ( 3 ) The refusal of defendant's instructions was erroneous. *Proctor. v. Railroad*, 64 Mo. 112; *Connor v. Railroad*, 59 Mo. 285.

*Patrick Leahy* and *A. R. Taylor* for respondent.

(1) As there was substantial evidence of the insufficiency of the track, and that the injury was thereby caused, the demurrer to the evidence was properly overruled. (2) The objection by appellant to the instruction given for plaintiff, contained in his second point, is untenable for the same reason. ( 3 ) Appellant's contention in his third point, that if McPherson's negligence concurred with the negligence of the master in having a bad track, then there could be no recovery, on the ground that McPherson was a fellow servant, is in the face of all law decision, as well as text-book. The rule is universal that if the negligence of the master concurs with the negligence of a fellow servant in causing injury to a servant, the master is liable. *McMahon v. Henning*, 3 Fed. Rep. 355; Shearman & Redfield, Neg., sec. 89; *Fifield v. Railroad*, 42 N. H. 225; *Hough v. Railroad*, 100 U. S. 213; *Cayzer v. Taylor*, 10 Gray, 274; *Paulmeier v. Railroad*, 5 Vroom, 157. It is not deemed necessary to argue this case further, as the cases cited, *Stoher v. Railroad*, 91 Mo. 511, in all things is *res adjudicata*—since on the retrial, with the objectionable instructions, and evidence left out, on the same evidence is conclusive of this case. And with the same evidence in the *McPherson case*, 97 Mo. 255, affirmed, would seem to be conclusive of this case on the merits.

MACFARLANE, J.—Plaintiff prosecutes this action by her next friend for damages on account of the death of her father, who was killed by the derailment of an

engine of defendant, upon which he was at work as a fireman.

The negligence charged was a failure to use reasonable care in providing deceased with a safe and secure track over which he was required to work. The particular charge was that defendant failed to provide waterways under the track of the road of sufficient capacity to carry off accumulated water from heavy rainfalls, and, by reason of such neglect, the water backed up over the track, and so softened and washed the roadbed as to cause a sinking of the rails. That the engine, upon which deceased was engaged, while being run in defendant's business, over this track, and by reason of the injury thereto by accumulated waters, was thrown from the track, and deceased was thereby killed.

The answer was a general denial; a special plea that the waterways were sufficient to discharge all waters for such ordinary rains as could reasonably have been anticipated, and that the storm which caused the damage was unprecedented and such as defendant could not reasonably have anticipated ; and the plea of contributory negligence on the part of deceased and his fellow servant, the engineer in charge of the engine, in not taking needful precautions against the possible effect of the storm.

The case has been considered by this court upon a former appeal, and the judgment was then reversed, and the cause was remanded to the circuit court for a retrial. The case was retried, and the errors for which the judgment was reversed were avoided.

I. The record, which comes up for review on this appeal, contains substantially the same evidence and instructions as that of the former trial. It is again insisted that there was no evidence of negligence on the part of defendant which authorized a submission of the issues to the jury. The contrary was held by this court on the former appeal ( *Stoher v. Railroad*, 91 Mo. 511 ), and we think the court fully justified in its conclusion.

The evidence leaves no doubt that the sinking of the track was caused by the great accumulation of water, and that the accumulation of the water could have been avoided by a sufficient outlet for it through the road-bed.

Defendant was only required, in discharging its obligation to deceased, in the matter of protecting its roadbed from damage by water, to provide against such storms and floods as could have been reasonably anticipated. Unprecedented storms could not reasonably have been anticipated, and, if the storm in question was of that character, and the culverts were of sufficient capacity to have carried off all waters accumulating from rains that might have been anticipated, then defendant had performed all the duty it owed deceased in that respect.

The evidence tended to prove that, on previous occasions, water had overflowed the track at this point, and this fact was not only sufficient to require a submission of the question to the jury, but was a justification of of the jury in finding that defendant had neglected the duty it owed deceased to keep its track in proper condition.

II. It is again urged that the negligence of the engineer and deceased should defeat a recovery in this case. No witness testified as to the care used in running and managing the train. If there was negligence in that regard, it must have been in the fact that the train was run at all, after the storm commenced.

It was not shown that either the engineer or deceased had charge of the train, or had authority to stand still or run, at their pleasure. The fair presumption is that the running of the train was directed by the defendant itself, by some authorized official, who was as fully informed of the condition of the water as these two employes, who were expected and required to obey orders only. If there was negligence in the mere act of running the train, without other evidence, it should be

attributed to defendant rather than to deceased and the engineer.

The jury was properly left to decide, upon all the evidence, whether the storm which caused the damage to the track was one that might have been expected, or was one unprecedented in its character. This question was fairly submitted to the jury, under the instructions given, which were substantially the same as those approved in the former appeal.

The case was fairly tried, in accordance with the former rulings of this court, and also with the subsequent rulings of this court in the case of *McPherson v. Railroad*, 97 Mo. 255. Judgment affirmed. All concur.